## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OPERATING ENGINEERS LOCAL 66, AFL-CIO AND CONSTRUCTION INDUSTRY COMBINED FUNDS, INC., as agent for the Board of Trustees of Operating Engineers Local 66 Annuity and Savings Fund, Operating Engineers Construction Industry and Miscellaneous Pension Fund, International Union of Operating Engineers, Operating Engineers Local 66 Welfare Fund and Operating Engineers Local 66 Dues Deduction Fund and other related Funds, <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>EAST COAST PAVING & SEAL COATING, INC. a/k/a EAST COAST PAVING & SEALCOATING, INC., BARBARA S. HASSON and BARRY MILES, <br><br>　　　　　　Defendants. | Civil Action No. 2:20-1995 |

## **COMPLAINT**

1. The Plaintiff is the Operating Engineers Local 66, AFL-CIO and Construction Industry Combined Funds, Inc., as collection agent for and on behalf of Board of Trustees of Operating Engineers Local 66 Annuity and Savings Fund, Operating Engineers Construction Industry and Miscellaneous Pension Fund, Operating Engineers Local 66 Benefit Fund, Operating Engineers Local 66 Welfare Fund and Western Pennsylvania Operating Engineers Joint Apprenticeship and Training Program (collectively "**Funds**"). The Funds conduct the business of the Funds at 111 Zeta Drive, Pittsburgh, Allegheny County, Pennsylvania 15238.

2. Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under

§301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that East Coast Paving & Seal Coating, Inc. a/k/a East Coast Paving & Sealcoating, Inc. has failed to submit fringe benefit contributions and wage deductions to Plaintiff in violation of a certain Collective Bargaining Agreements or other written Agreements ("**Agreements**") entered into with Operating Engineers Local 66 AFL-CIO ("**Union**") or the Funds.

3. The Funds are employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1002 (1), (2), (3), (21), §1009(C)(1), (B) and §1132, and bring this action in behalf of the trustees, participants and beneficiaries of such Funds.

4. The trustees of such Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated the Operating Engineers Local 66 AFL-CIO and Construction Industry Combined Funds, Inc. as their agent for the collection of contributions and wage deductions payable to such Funds.

5. Defendant East Coast Paving & Seal Coating, Inc. a/k/a East Coast Paving & Sealcoating, Inc. ("**Contractor**") is engaged in the business of operating a construction company, with its principal place of business at 208 3rd Street, New Castle, Pennsylvania 16102.

6. Defendant Contractor is a party to labor Agreements with the Union ("**Agreements**") that remained in effect at all times relevant hereto.

7. Under the terms of such Agreements, Defendant Contractor was required to pay to the Funds certain sums of money for such Defendant Contractor's employees who performed covered work with payments to be made by the 30th day of each month, covering the amounts due for the preceding month's operations, and to furnish monthly reports showing the hours worked and the gross wages paid with respect to which the amounts due are calculated.

8.     Plaintiff Funds aver that Defendant Contractor has failed to make payment of amounts payable to the Plaintiff Funds for covered work performed by such Defendant Contractor's employees during the effective dates of its Agreements.

## COUNT I

### Operating Engineers Local 66, AFL-CIO and Construction Industry Combined Funds, Inc. v. East Coast Paving & Seal Coating, Inc. a/k/a East Coast Paving & Sealcoating, Inc.

9.     Plaintiff Funds repeat the foregoing allegations as if fully set forth.

10.    In violation of such Agreements, Defendant Contractor has also failed to make timely payments of principal contributions and wage deductions to Plaintiff, which has resulted in a principal deficiency of at least $54,064.22.  Employer was and is obligated all missing and future reports with payment by the 30th of the month following the month in which the work is performed.  In addition, interest through December 23, 2020 of at least $12,137.26 is due and liquidated damages of at least $1,031.57 are due to Plaintiff, for a total deficiency of at least $67,233.05.  Interest will continue to accrue after December 23, 2020 at the rate of $17.77 per day.

11.    Plaintiff Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff Funds, certified payroll records, and/or remittance reports submitted by Defendant Contractor to the Plaintiff Funds until the termination of this case.  If it is determined that employer owes additional principal amounts to the Funds, interest will be assessed on such principal amounts at one (1%) percent per month and liquidated damages of five (5%) percent of the amount due, but not less than fifty dollars ($50.00) or more than five hundred dollars ($500.00) per instance.  In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

12. Pursuant to ERISA, Defendant Contractor is also obligated to the Funds for its reasonable attorneys' fees equal to twenty percent (20%) of the total delinquency which equal at least $13,446.61 through December 23, 2020. Plaintiff also claims attorneys' fees on any additional amounts shown to be due to the Funds until termination of this case.

13. Pursuant to the aforesaid Agreements and the provisions of ERISA, Plaintiff has the right to examine and audit Defendant Contractor's books and payroll records to determine whether or not Defendant Contractor has made proper deductions, contributions, payments and remittances for all employees covered by said Agreements.

WHEREFORE, such Plaintiff Funds demand the following relief:

a. The issuance of a permanent injunction upon hearing of this case, enjoining the Defendant Contractor from violating the terms of its collective bargaining Agreements and the Funds' Trust Agreements; and

b. A money judgment in favor of the Funds and against the Defendant Contractor in the amount of at least $67,233.05, plus attorneys' fees of at least $13,446.61 plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus additional interest at one (1%) percent per month, plus liquidated damages, attorneys' fees of twenty (20%) percent of total amount due, and costs of suit; and

c. For the Defendant Contractor to be required, in compliance with the terms of its Agreements, to present for inspection and/or copying all records pertaining to the hours worked by the Defendant Contractor's employees necessary to verify the accuracy of the amounts paid and/or due and owing to the Funds since the last audit conducted by the Funds; and

    d.    For the Defendant Contractor to be required to file monthly Remittance Reports covering its operations during the effective dates of its Agreements and through the pendency of this action; and

    e.    For a money judgment in favor of the Funds and against the Defendant Contractor for additional amounts determined to be due and owing upon such Defendant Contractor's submission of its monthly reports and certified payroll records and upon such Defendant Contractor permitting an audit of its records by the Funds, as required by such Defendant Contractor's Agreements; and

    f.    Audit costs, court filing fees and litigation costs, and other costs and disbursements in this action; and

    g.    Reasonable attorneys' fees for further litigation preparation; and

    h.    Additional interest at the rate of one (1%) percent per month on all principal amounts due the Funds from the dates the same became due and owing; and

    i.    For payment in full of any additional amounts that may become due during the pendency of these proceedings; and

    j.    That the Court retain jurisdiction of this case pending compliance with its orders; and

    k.    For such other and further relief as the Court may deem just.

## COUNT II

**Operating Engineers Local 66, AFL-CIO and Construction Industry Combined Funds, Inc. v. Barbara S. Hasson and Barry Miles**

**ERISA Breach of Fiduciary Duty Action**

14.    Plaintiff Funds repeat the foregoing allegations as if fully set forth.

15.    At all times material hereto, individual defendant Barbara S. Hasson ("**B. Hasson**") was the majority owner of and served as the President and Corporate Secretary, and was authorized to sign Contractor's bank checks.  Individual defendant Barry Miles ("**B.

**Miles**") was permitted to use B. Hasson's signature stamp on Contractor's bank account and served as a Managing Principal of Contractor at the address listed in Paragraph 5.

16. At all times material, B. Hasson and B. Miles were responsible for overseeing the collection of all monies payable to Defendant Contractor resulting from the work performed by operating engineers employed under such Agreements.

17. At all times material, B. Hasson and B. Miles were also responsible for overseeing the submittal of monthly remittance reports and fringe benefit contributions to the Plaintiff Funds.

18. At all times material, B. Hasson and B. Miles had the right to make decisions as to what obligations and/or payments of Contractor were to be paid and which ones were not to be paid.

19. At the time such fringe benefit contributions became due and payable by Contractor to the Plaintiff Funds, such monies became assets of the Plaintiff Funds.

20. At all times material, B. Hasson and B. Miles were aware of the obligations of Contractor to timely pay fringe benefits to the Plaintiff Funds.

21. At all times material, B. Hasson and B. Miles was aware that Contractor failed to timely pay all required fringe benefits to the Plaintiff Funds.

22. Nevertheless, B. Hasson and B. Miles prioritized payment of corporate expenses that personally benefitted them over payment to the Plaintiff Funds.

23. Based upon the foregoing, B. Hasson and B. Miles constitute "fiduciaries" under ERISA.

24. Based upon the foregoing, B. Hasson and B. Miles violated their duty of loyalty to the beneficiaries of the Plaintiff Funds.

25. Based upon the foregoing, B. Hasson and B. Miles also breached their fiduciary duty to the Plaintiff Funds by failing to cause Contractor pay to the Plaintiff Funds such contributions once they became due and payable, and are therefore personally liable for all fringe benefits and associated interest, liquidated damages, attorneys' fees and legal costs owed by Contractor to the Plaintiff Funds.

26.     The principal contributions owed to the Plaintiff Funds total at least $50,279.72. Employer is obligated to submit to the Funds all future reports with payment by the 30th of the month following the month in which the work is performed. In addition, interest through December 23, 2020 of at least $11,287.65 and liquidated damages of at least $959.36 are due to Plaintiff Funds for a total deficiency of at least $62,526.74. Interest will continue to accrue after December 23, 2020 at the rate of $16.53 per day.

27.     Plaintiff Funds also claim any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports or certified payroll records submitted by Contractor until the termination of this case. If employer submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by Contractor to the Funds, interest will be assessed on the principal amount thereof at 1% per month and of five (5%) percent of the amount due, but not less than fifty dollars ($50.00) or more than one hundred dollars ($100.00) per instance. In the alternative, Plaintiff Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

28.     Plaintiff Funds have demanded from B. Hasson and B. Miles payment of all such amounts due. B. Miles has promised to pay the Funds the known principal amount demanded, but B. Hasson and B. Miles have neglected and continue to neglect to pay such amounts.

29.     Pursuant to ERISA, B. Hasson and B. Miles are also obligated to Plaintiff Funds for its reasonable attorneys' fees of twenty (20%) percent of the total delinquency which equal at least $12,505.35 through December 23, 2020. Plaintiff Funds also claim attorneys' fees on any additional amounts shown to be due to Plaintiff Funds until termination of this case. In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, Plaintiff Funds demand that judgment be entered against Defendants Barbara S. Hasson and Barry Miles in the amount of at least $75,032.08, plus additional interest from December 23, 2020 at a per diem rate of $16.53, plus legal costs, additional charges and fees.

### COUNT III

### Operating Engineers Local 66, AFL-CIO and Construction Industry Combined Funds, Inc. v. Barbara S. Hasson and Barry Miles

### State Common Law Conversion Action

30. Plaintiff Funds repeat the foregoing allegations as if fully set forth. The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

31. Pursuant to such Agreements, Defendant Contractor withheld monies and should have withheld additional monies from its operator employees' wages for union dues and legislative funds that were required to be remitted to the Plaintiff Funds.

32. In violation of such Agreements, Defendant Contractor failed to remit such deductions for union dues and legislative funds to the Plaintiff Funds.

33. At all times relevant to this action, B. Hasson and B. Miles had the authority and the responsibility to deduct and remit such employee wage withholdings to the Plaintiff Funds.

34. B. Hasson and B. Miles exercised dominion and control over and failed to withhold employee wage withholdings in the amount of at least $3,784.50 and authorized and/or permitted such monies to be used to pay other obligations of Defendant Contractor and/or the personal debts of B. Hasson and B. Miles. Employer is obligated to submit to the Funds all reports with payment by the 30th of the month following the month in which the work is performed.

35. Based upon the foregoing, B. Hasson and B. Miles intentionally converted such monies that were rightfully due and payable to the Plaintiff Funds.

36. Plaintiff Funds are also entitled to receive from B. Hasson and B. Miles interest through December 23, 2020 on such late payments of at least $849.61, plus additional interest from December 23, 2020 at $1.24 per day.

WHEREFORE, Plaintiff Funds demand entry of a judgment in its favor and against Defendants Barbara S. Hasson and Barry Miles in the amount of at least $4,634.10, plus additional interest from December 23, 2020 and costs of suit.

TUCKER ARENSBERG, P.C.

*/s/ Jeffrey J. Leech*
Jeffrey J. Leech
PA I.D. No. 19814
jleech@tuckerlaw.com
Neil J. Gregorio, Esquire
PA I.D. No. 90859
ngregorio@tuckerlaw.com
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Attorneys for Plaintiff
Operating Engineers Local 66, AFL-CIO and
Construction Industry Combined Funds, Inc.

TADMS:5433868-1 017020-178665